IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEAR CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:07-cv-406 (TJW) |
| TS TECH USA CORPORATION, | § | |
| TS TECH NORTH AMERICA, INC. and | § | |
| TS TECH CANADA, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO TRANSFER VENUE

Defendants TS Tech USA Corporation ("TST USA"), TS Tech North America, Inc.

("TST NA") and TS Tech Canada, Inc. ("TST Canada") (collectively, "Defendants") respectfully

move the Court under 28 U.S.C. § 1404(a) to transfer venue of this case to the United States

District Court for the Southern District of Ohio ("SD Ohio").[1]  As described below, the facts and

circumstances in this case clearly demonstrate that this case should be transferred to the SD

Ohio.

## I.    INTRODUCTION

Plaintiff Lear Corporation ("Lear" or "Plaintiff") brought this lawsuit against Defendants

alleging infringement of its U.S. Patent No. 5,378,043 ("the '043 patent"), which is directed to a

vehicle pivotal headrest.  This lawsuit, however, has no meaningful connection to Texas.

Defendants file this motion to transfer to the SD Ohio because it clearly is a more convenient

---

[1]  Also attached in support of this motion is the Declaration of Vito J. DeBari ("DeBari Decl."), and
the Declaration of Yasuo Kibe ("Kibe Decl."), the Vice President of Administration for TST NA.

forum and better serves this interests of justice.  Some of the key factors that weigh heavily in favor of transferring this action to the SD Ohio are the following:

- The accused products – headrests for carseats – are not made, marketed or sold by the Defendants in Texas.  Rather, the accused headrests are made in Ohio and Canada, and then are incorporated into carseats that are sold in Ohio to Honda of America Mfg., Inc. or in Ontario, Canada to Honda Canada, Inc.  Honda then installs these carseats into certain Honda automobile models that are sold throughout United States.

- None of the parties in this case has any offices in the Eastern District of Texas ("ED Texas").  In fact, the only presence that any of the parties has anywhere in Texas appears to limited to a single location that Lear has in El Paso – about as far away from the ED Texas as you can get in Texas.

- The key witnesses identified to date in this action reside and/or work either in the SD Ohio, Canada or Michigan.

- The "center of gravity" of the accused infringing activity in this case is in the SD Ohio and in Ontario, Canada.

## II.    FACTUAL BACKGROUND

Lear alleges that the Defendants infringe the '043 patent by making the accused headrest assemblies and then selling them to Honda Motor Co., Ltd. or a related Honda entity ("Honda"), which then installs the assemblies in Honda vehicles sold throughout the United States. Complaint at ¶ 12.  Lear is a Delaware corporation with its principal place of business at 21557 Telegraph Road, Southfield, Michigan 48086.  *Id.* at ¶ 1.  Lear's only connection to Texas appears to be a single location it has in El Paso, Texas, according to Lear's website.  DeBari Decl. ¶ 1.

The Defendants are involved in the design, manufacture and/or sale of carseats.  Kibe Decl. ¶ 2.  TST USA is incorporated under the laws of Ohio and has its principal place of business at 8400 East Broad Street, Reynoldsburg, Ohio, which is in the SD Ohio.  Kibe Decl. ¶ 3.  Similarly, TST NA is incorporated under the laws of Ohio and has its principal place of business at 8458 East Broad Street, Reynoldsburg, Ohio.  Kibe Decl. ¶ 4.  TST Canada is a

Canadian corporation with its principal place of business at 17855 Leslie Street, Newmarket, Ontario, Canada.  Kibe Decl. ¶ 5.

Significantly, none of the Defendants has a place of business in Texas, has any employees in Texas or keeps any files in Texas.  Kibe Decl. ¶ 6.  Nor has any of the Defendants previously availed itself of the ED Texas by bringing suit here.  Kibe Decl. ¶ 7.  Rather, all of TST USA's and TST NA's employees and files are located at their respective headquarters in Reynoldsburg, Ohio, while all of TST Canada's employees and files are located at its headquarters in Ontario Canada.  Kibe Decl. ¶¶ 8-9.

In addition, research, development and testing activities relating to the accused products were performed at TST NA in Reynoldsburg, Ohio, while the production and manufacturing relating to the accused products are performed at TST USA in Reynoldsburg, Ohio and TST Canada in Ontario, Canada.  Kibe Decl. ¶¶ 10-11.  Moreover, key sales and marketing decisions relating to the accused products occurred at TST NA in Reynoldsburg, Ohio.  Kibe Decl. ¶ 12.

Thus, the Defendants' only connection to Texas is that their products are in certain automobiles that are sold by Honda in Texas.  Importantly, the Defendants do not make, market or sell their products in Texas.  Rather, the accused headrests are made in Ohio or Canada, and then are incorporated into carseats that are sold in Ohio to Honda of America Mfg., Inc. or in Ontario, Canada to Honda Canada, Inc.  Honda then installs these carseats into certain Honda automobile models that are sold throughout the United States, including in Texas.  Kibe Decl. ¶ 13.

## III.  ARGUMENT AND AUTHORITIES.

Under 28 U.S.C. § 1404(a), a court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and the witnesses in the interests of justice.  "The goal of § 1404 is to prevent waste of time, energy, and money and to protect

litigants, witnesses, and the public against unnecessary inconvenience and expense." *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 829 (E.D. Tex. 2002) (internal quotations omitted).

In a recent decision, the Fifth Circuit has made clear that a proper application of §1404(a) requires that a transfer be ordered where, as here, the transferee forum is clearly the more convenient forum:

> When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. *When the transferee forum is clearly more convenient, a transfer should be ordered.*

*In re Volkswagen of Am., Inc.*, 506 F.3d 376, 385 (5th Cir. 2007) (emphasis added).

Because venue would be proper in the SD Ohio, the "critical issue" in this case is whether the convenience of the parties and witnesses in the interests of justice favor transfer. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). When deciding whether to transfer venue, the court balances various "private" and "public" interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Comm'ns Co.*, 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005) (Davis, J.). In the present case, the balance of factors tips decidedly in favor of transfer to the SD Ohio.

### A.    This Action Could Have Been Brought In The SD Ohio

In patent infringement cases, venue is governed by both 28 U.S.C. § 1391 (federal question jurisdiction) and 28 U.S.C. § 1400 (patent infringement). For federal questions, venue is proper in a judicial district (1) where any defendant "resides" or (2) in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). For purposes of venue, a corporate defendant is deemed to "reside" in any judicial district in which it is subject to personal jurisdiction at the time an action is commenced. 28 U.S.C. § 1391(c). In patent infringement cases, in addition to being appropriate in the judicial district where the defendant

resides, the action may also be brought where the defendant has committed acts of infringement and has a regular and established place of business.  28 U.S.C. § 1400(b).

In this case, TST USA and TST NA could have been sued in the SD Ohio because they both are residents of the SD Ohio.  28 U.S.C. § 1400(b).  Similarly TST Canada could have been sued in the SD Ohio because it is subject to personal jurisdiction there[2] and thus "resides" in the SD Ohio or the purposes of venue.  28 U.S.C. § 1391(c).  Accordingly, Lear could have originally filed this action in the SD Ohio.

### B.    Transfer Serves the Convenience of Both Litigants

In deciding whether to transfer a case, the court should consider the following factors related to convenience, also referred to as the "private factors": (1) the plaintiff's choice of forum; (2) the convenience and costs of attendance for party and non-party witnesses; (3) the accessibility of sources of proof; (4) the availability of compulsory process; (5) the place of the alleged wrong; and (6) the possibility of delay and prejudice if transfer is granted.  *In re Volkswagen AG*, 371 F.3d at 203; *see Shoemake*, 233 F. Supp. 2d at 830-35; *Barton v. Young*, 144 F. Supp. 2d 685, 688 (E.D. Tex. 2001); *Wolfe v. Ford Motor Co.*, No. 2-06-CV-38, 2006 WL 1788915, at *2-3 (E.D. Tex. June 27, 2006); *Amini Innovation Corp v. Bank & Estate Liquidators*, No. H-06-1561, 2007 WL 1795855, at *2 (S.D. Tex. June 20, 2007); *Minka Lighting, Inc. v. Trans Globe Imps., Inc.*, No. 3:02-CV-2538, 2003 WL 21251684, at *2 (N.D.

---

[2]  TST Canada is subject to personal jurisdiction in the SD Ohio because (a) the accused headrests it manufactures were designed for use in Honda vehicles and to meet U.S. safety standards, (b) TST Canada knows that such vehicles will be sold by Honda in the United States, including in the SD Ohio and (c) personnel from TST Canada periodically visit TST NA's and TST USA's facilities in the SD Ohio to confer about technical and/or manufacturing issues concerning the accused headrests (Kibe Decl. ¶ 14).  *See Fortis Corporate Ins. v. Viken Ship Management*, 450 F.3d 214, 222 (6th Cir. 2006); *Tobin v. Astra Pharmaceutical Prods., Inc.*, 993 F.2d 528, 544 (6th Cir. 1993); *Ohio ex rel. Dann v. Bulgartabac Holding Group*, 2007 Ohio 6777, P19-P21 (Ohio Ct. App. 2007); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994).

Tex. May 23, 2003).  Because all parties and their documents, key witnesses, and the "center of gravity" relevant to the accused infringing activity are either in the SD Ohio or in locations that are much closer to the SD Ohio than to the ED Texas, both convenience and the interest of justice warrant transfer of this case to the SD Ohio.

### 1.    No Deference Should Be Given To Lear's Choice Of Forum

The plaintiff's choice of forum will be given "close scrutiny" where, as here, the plaintiff is not a resident of the forum.  *Shoemake*, 233 F. Supp. 2d at 831; *see also Hanby v. Shell Oil Co.*, 144 F. Supp 2d 673, 677 (E.D. Tex. 2001) (noting that "the usual deference accorded the plaintiff's choice of forum is of minimal value when none of the parties reside in this division of this District"); *Acterna, LLC v. Adtech, Inc.*, 129 F. Supp. 2d 936, 938 (E.D. Va. 2001) (noting that "Plaintiff's choice of forum is not entitled to substantial weight because the [forum selected] is not Plaintiff's home forum, but a foreign forum."); *Lycos, Inc. v. Tivo, Inc.*, 499 F. Supp.2d 685, 692 (E.D. Va. 2007) (stating that "[T]he plaintiff's choice of forum is not entitled to substantial weight if the chosen forum is not the plaintiff's 'home forum,' and the cause of action bears little or no relation to the chosen forum.").  Here, neither party is a resident of Texas and, as described herein, this action has no real connection to Texas.

Where, as in this case, the district chosen by plaintiff has little factual nexus to the case, and other factors weigh in favor of transfer, the plaintiff's choice of forum is accorded less deference.  *Ray Mart, Inc. v. Stock Bldg. Supply of Tex., L.P.*, 435 F. Supp. 2d 578, 594 (E.D. Tex. 2005).  Moreover, in patent infringement cases, "the mere existence of limited sales activity within [the forum state] does not require [the] court to give the plaintiff's choice of forum substantial weight when balancing the convenience and justice factors."  *Lycos*, 499 F. Supp. 2d at 692; *see Acterna*, 129 F. Supp. 2d at 939 (affording the plaintiff's choice of forum only "very slight weight" where the defendant's sales were not "unique to [the forum]"); *Fuji Photo Film*

*Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006) ("Where a party's products are sold in many states, sales alone are insufficient to establish a material connection to the forum and to override other factors favoring transfer."); *Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 568 (E.D. Va. 2005) (stating that federal courts are not to give substantial weight to plaintiff's choice of forum when the only connection to the forum is limited sales activity).  As described above, none of the Defendants actually is selling the accused products in Texas, and Honda's sales of automobiles  incorporating the accused products are not unique to Texas.  Kibe Decl. ¶ 13.

Accordingly, because none of the parties in this case is a resident of this forum and this case has no meaningful connection to Texas, no deference should be given to Lear's choice of forum.

### 2. Convenience and Cost Savings to the Parties and Witnesses Favor Transfer to the SD Ohio

The most significant factor in venue transfer analysis is the convenience of the party and non-party witnesses. *Ray Mart, Inc.*, 435 F. Supp. 2d 590-91.  "[V]enue is considered convenient in the district or division where the majority of witnesses are located." *Shoemake*, 233 F. Supp. 2d at 832; *see In re Volkswagen*, 371 F.3d at 204-05; *Minka Lighting*, 2003 WL 21251684 at *2.

"The logical starting point for analyzing convenience is to consider the parties' residences." *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 657 (E.D. Tex. 1999). Defendants TST USA and TST NA both are located in the SD Ohio.  Although TST Canada is headquartered in Ontario, Canada, it is significantly closer to the SD Ohio (about 460 miles away) than it is to the ED of Texas (about 1380 miles away).  DeBari Decl. ¶¶ 2-3.  Similarly, Lear's headquarters in Southfield, Michigan also is significantly closer to the SD Ohio (about

215 miles away) than it is to the ED of Texas (about 1100 miles away).  DeBari Decl. ¶¶ 4-5.

Thus, there is no question that the SD Ohio would be more convenient than the ED Texas for <u>all</u>

the parties in this case. *See In re Volkswagen*, 371 F.3d at 204-05; *Minka*, 2003 WL 21251684,

at *2.[3]

All of TST USA's and TST NA's employees are based in Reynoldsburg, Ohio, while all

of TST Canada's employees are based in Ontario, Canada.  Thus, the SD Ohio certainly is a

much more convenient form than the ED Texas for TST USA's and TST NA's employees, all of

whom are located in the SD Ohio.  The SD Ohio also is more convenient than the ED Texas for

the TST Canada employees, since the ED Texas is more than 900 miles farther away than the SD

Ohio.

Notably, the burden associated with travel to a distant forum is an important

consideration in the transfer analysis.  *See In re Volkswagen*, 371 F.3d at 204-05.  Several of the

Defendants' employees will undoubtedly be involved in this litigation, including providing

testimony at trial.  Defendants' employees likely will be required to testify on various issues

including design, testing, research, production, sales and marketing of the accused products.  For

example, Mr. Daikatsu Sato, TST NA's Senior Vice President of Research and Development,

likely would testify regarding the design, prototyping and testing of the accused products.  Kibe

Decl. ¶ 15.  Also, Mr. Scott Hepner, TST NA's Vice President of its International Business

Division, likely would testify regarding sales and customer communications concerning the

accused products.  Kibe Decl. ¶ 16.  From TST USA, Mr. Jeff Daniels, Vice President and Plant

---

[3]  While Lear can stipulate that it does not find the ED Texas inconvenient, the fact remains that the SD Ohio is nearly 900 miles closer to Lear's headquarters, and thus is a more convenient forum than the ED Texas. *See Shoemake*, 233 F. Supp. 2d at 832 (noting that "despite his stipulation waiving any inconvenience, the fact remains that the Federal courthouse in Lake Charles is approximately thirty-five (35) miles closer to the [plaintiff's] residence than the Beaumont courthouse.").

Manager likely would testify regarding the production and manufacturing of the accused products at TST USA's facilities in Reynoldsburg, Ohio.  Kibe Decl. ¶ 17.  In addition, the Plant Manager at TST Canada, Mr. Randy Walsh, likely would testify regarding the production and manufacturing of the accused products at TST Canada's facilities in Ontario, Canada.  Kibe Decl. ¶ 18.

Key Lear employees who will be important material witnesses in this case include the three named inventors of the '034 patent, David C. Viano, Richard J. Neely and Mladen Humer.[4] Messrs. Viano, Neely and Humer are likely to have substantial knowledge regarding the development of the claimed invention of the '043 patent, the prior art relevant to the claimed invention and the prosecution of the '043 patent.

By having to travel to Texas to testify, the parties' employees will be subject to increased travel burdens, longer absences from family and personal obligations, and longer absences from work than if the trial were held in the SD Ohio.  These increased burdens are an important consideration in the transfer analysis.  *See In re Volkswagen*, 371 F.3d at 204-05 ("[w]hen the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").  Accordingly, the convenience of the parties and likely party witnesses favors transfer to the SD Ohio.

---

[4]  TS Tech has assumed for purposes of this motion that the three named inventors of the '034 patent are employees of Lear.  If, however, any of the named inventors in fact is not an employee of Lear but instead is a non-party witness, this fact would further support and strengthen the arguments in favor of transferring this case to the SD Ohio.  Specifically, since all three named inventors reside in Michigan at locations that are about 900 miles farther away from the ED Texas than from the SD Ohio (DeBari Decl. ¶¶ 6-7), the SD Ohio would be a much more convenient forum for them, and even greater weight should be accorded to their convenience as non-party witnesses.  *Ray Mart, Inc.*, 435 F. Supp. 2d at 591 ("[I]t is the convenience of non-party witnesses, rather than of party witnesses, that is more important and is accorded greater weight in a transfer of venue analysis.").

### 3.    The Accessibility of Proof Favors the SD Ohio

In addition to witnesses, documentary proof and other evidence (e.g., product samples) relating to Lear's claims and the Defendants' defenses are located where the companies reside – i.e., in Reynoldsburg, Ohio (TST USA and TS NA), Ontario, Canada (TST Canada) and Southfield, Michigan (Lear).  Since these locations are either in the SD Ohio or substantially closer to the SD Ohio than to the ED Texas, the burden associated with accessing and, if necessary, transporting that evidence will be greater if the case remains in ED Texas.[5] Therefore, this factor also weighs in favor of transfer.

### 4.    The Availability Of Compulsory Process Currently Is A Neutral Factor

The Defendants currently have not identified any non-party witnesses who would not be subject to compulsory process in this case.  Accordingly, this factor currently is neutral.

### 5.    This Dispute Centers on Activities in the SD Ohio and Canada

Because patent infringement suits generally focus on the activities of the alleged infringer, its employees, and its products, "the location of the alleged infringer's principal place of business, therefore, is often the critical and controlling consideration in adjudicating a motion to transfer venue. *Minka Lighting*, 2003 WL 21251684, at *3.  Accordingly, "[i]n a patent infringement action, the preferred forum is that which is the center of gravity of the accused activity. *Id.*; *Amini Innovation*, 2007 WL 1795855 at *4; *Acterna*, 129 F. Supp. 2d at 939.  In addition, Texas district courts, as well as other federal courts have noted that "[t]he trier of fact

---

[5] For example, the product samples in this case are automobile seats that incorporate the accused headrests and weigh approximately 40 pounds each.  Moreover, since the accused products made by TST Canada also are made by TST USA, all the relevant product samples in this case can be found at TST USA's facilities in the SD Ohio.  Kibe Decl. ¶ 19.  Thus, the burden associated with accessing and transporting the product samples in this case would be much greater in the ED Texas than it would be in the SD Ohio.

ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Id.* (alteration in original); *Amini Innovation*, 2007 WL 1795855 at *4; *Acterna*, 129 F. Supp. 2d at 939.  In finding the center of the accused activity, the Court should consider the location of product's development, testing, research and production. *Minka Lighting*, 2003 WL 21251684, at *3; *Amini Innovation*, 2007 WL 1795855 at *4; *Acterna*, 129 F. Supp. 2d at 939.  Courts should also consider the place where the marketing and sales decisions occurred – not just the location of any particular sales activity. *Minka Lighting*, 2003 WL 21251684, at *3; *Amini Innovation*, 2007 WL 1795855 at *4; *Acterna*, 129 F. Supp. 2d at 939.  Thus, one Texas court found that "regardless of any particular sales . . . , the 'center of gravity' of the accused activity – *i.e.* , the place where product development, testing, research, and production, as well as any marketing and sales decisions occurred – is most likely the defendants' home offices in the Southern District of California." *Minka Lighting*, 2003 WL 21251684, at *3.

Although the accused products are in Honda automobiles that are sold nationally, all key activities relevant to this litigation occurred at either at TST USA's and TST NA's respective locations in Reynoldsburg, Ohio or at TST Canada's headquarters in Ontario, Canada, where all of their respective employees are located.  Specifically, decisions and activities involving product development, testing, research, marketing and sales of the accused products took place at TST NA in Reynoldsburg, Ohio.  Kibe Decl. ¶ 20.  In addition, the decisions and activities relating to the production and manufacture of the accused products took place at TST USA in Reynoldsburg, Ohio and at TST Canada in Ontario, Canada.  Kibe Decl. ¶ 21.

Thus, key documentation, witnesses, products, sales and other information related to the Lear's infringement allegations and TS Tech's defenses are centered in the Reynoldsburg, Ohio,

which is in the SD Ohio, and in Ontario, Canada, which is significantly closer to the SD Ohio than to the ED Texas. Accordingly, the proximity of the "place of alleged wrong" or "center of gravity" to the SD Ohio weighs in favor of transfer.

### 6. Transfer Will Not Result In Delay or Prejudice

To be relevant in the transfer calculus, prejudice or delay must be established by "clear and convincing evidence." *In re Horseshoe Entm't*, 337 F.3d at 434. Where a case is in its early stages, "there is little chance that a transfer of venue will result in delay or prejudice to either side." *Barton*, 144 F. Supp. 2d at 688. Here, we are at the very onset of this litigation and do not yet have an initial case management conference scheduled, so a transfer to the SD Ohio would not hinder progress of the case or prejudice Lear. Thus, this factor favors transfer.

### C. Transfer Serves the Public Interest

The relevant "public interest factors" are (1) the familiarity of the forum with the law that will govern the case; (2) the administrative difficulties flowing from court congestion; (3) the local interest in having localized disputes decided at home; and (4) the avoidance of unnecessary problems of conflict of laws. *In re Volkswagen*, 371 F.3d at 203.

### 1. The SD Ohio is Familiar With Patent Cases

Like the ED Texas, the SD Ohio has an active patent docket and, as a result of having heard many patent cases over the years, is equally well-equipped to accommodate patent infringement cases. Accordingly, this factor is neutral.

### 2. The SD Ohio Has an Expeditious Docket

Both the SD Ohio and the ED Texas have expeditious dockets. While the median time from filing to disposition for civil cases in 2006 was 3.6 months longer in the SD Ohio than in the ED Texas (DeBari Decl. ¶¶ 8-9), this slight delay does not overcome the other private and

public interest factors that weigh overwhelmingly in favor of transfer to the SD Ohio.  As stated

by the court in *McGinnis v. Eli Lilly & Co.*, 181 F. Supp. 2d 684, 691 (S.D. Tex. 2002):

> While the Court recognizes that a venue transfer may well result in
> Plaintiff losing the benefit of this Court's expeditious and cost-
> efficient manner of handling cases, the mere fact that Plaintiff may
> suffer some delay in having his claim adjudicated will not, in light
> of the totality of the circumstances, sufficiently militate against
> transfer.

*Id.*  Similarly, the totality of circumstances in this case dictate that transfer to the SD Ohio is

appropriate.

### 3.    The SD Ohio Has an Interest in Deciding Claims Involving Two of its Residents

"[I]t is contrary to the public interest to encumber the citizens of this district with a case

that only has a slight connection to, and little impact upon, the local community.  *Ray Mart*, 435

F. Supp. 2d at 595-96.  Here, Texas has no compelling connection or public interest in having

this controversy decided there.  None of the parties in this case are Texas corporations or have

their principal places of business in Texas.  Moreover, as described above, the Defendants'

allegedly infringing activities occurred outside of Texas.  Thus, this lawsuit has no meaningful

connection to Texas.

Moreover, the SD Ohio certainly has a stronger interest in deciding this case than the ED

Texas.  Two of the defendants in this case – TST USA and TST NA – are residents of the SD

Ohio and, as described above, the center of gravity of their actions relating to the alleged

infringement was at their locations in the SD Ohio.  *See Amini Innovation*, 2007 WL 1795855 at

*5 (finding that the citizens of New Jersey where defendant maintained its principal place of

business and all design, manufacture and other activities related to the alleged infringement

occurred had a more significant interest in the case than the citizens of Texas ).  Accordingly,

this factor weighs in favor of transfer to the SD Ohio.

      **4.**    **Because Federal Patent Law Governs this Suit, No "Conflict of Laws" Issues are Presented**

The avoidance of unnecessary conflict of laws concern is inapplicable in this action because it is governed entirely by federal patent law. "Federal patent laws are statutory and substantive decisions under these laws are reviewed by the Federal Circuit in all districts, eliminating any possibility of a conflict of laws issues [sic]." *Zoltar*, 402 F. Supp. 2d at 738. Thus, this factor is neutral.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court transfer this case to the United States District Court for the Southern District of Ohio for the convenience of the parties and non-party witnesses, and in the interest of justice.

Dated:  December 27, 2007                    Respectfully submitted,

                                             By:  /s/ Elizabeth L. DeRieux___
                                                    S. Calvin Capshaw
                                                    State Bar No. 03783900
                                                    E-mail: ccapshaw@mailbmc.com
                                                    Elizabeth L. DeRieux
                                                    State Bar No. 0577085
                                                    E-mail: ederieux@mailbmc.com
                                                    Brown McCarroll L.L.P.
                                                    1127 Judson Road, Suite 220
                                                    Longview, TX 75601
                                                    Telephone:  (903) 236-9800
                                                    Facsimile:  (903) 236-8787

Of Counsel:

Nicholas L. Coch
E-mail: ncoch@kramerlevin.com
Vito J. DeBari
E-mail: vdebari@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

                              **ATTORNEYS FOR DEFENDANTS,**
                              **TS TECH USA CORPORATION,**
                              **TS TECH NORTH AMERICA, INC. and**
                              **TS TECH CANADA, INC.**


                       **CERTIFICATE OF SERVICE**

        I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served this 27th day of December, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                             /s/ Elizabeth L. DeRieux