# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **LEAR CORPORATION,** | ) |
| *Plaintiff*, | ) |
| | ) **HONORABLE T. John Ward** |
| vs. | ) |
| | ) **CIVIL ACTION NO. 2:07-cv-406 (TJW)** |
| **TS TECH USA CORPORATION,** | ) |
| **TS TECH NORTH AMERICA, INC.** and | ) |
| **TS TECH CANADA, INC.** | ) |
| *Defendants*. | ) ***JURY TRIAL DEMANDED*** |

# PLAINTIFF'S RESPONSE IN OPPOSITION TO
# DEFENDANTS' MOTION TO TRANSFER VENUE



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

## I. INTRODUCTION

In this patent infringement suit, plaintiff Lear Corporation ("Lear") alleges that defendants TS Tech USA Corporation, TS Tech North America, Inc., and TS Tech Canada, Inc. (collectively "TS Tech" or "defendants") infringe U.S. Patent No. 5,378,043 ("the '043 patent") by making pivotal headrest assemblies and selling them to Honda of America Manufacturing, Inc. and/or Honda Canada, Inc. (collectively "Honda"). It is undisputed that TS Tech sells its pivotal headrest assemblies to Honda knowing and intending that Honda will install them in various models of its vehicles and sell these vehicles throughout the United States, including Texas.

TS Tech has now filed a Motion to Transfer Venue. TS Tech does not dispute that venue is proper here; it argues only that the Southern District of Ohio is more convenient. TS Tech's motion should be denied because relevant factors — including the infringing activity taking place in, and plaintiffs' choice of, this forum — favor maintaining the case in this district.

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## II. ANALYSIS

A. **Defendants Sell Infringing Pivotal Headrest Assemblies To Honda Knowing That Honda Will Sell Them In The Eastern District Of Texas**

For the purpose of this motion, this Court is to "accept uncontroverted facts in a plaintiff's pleadings as true and will resolve any conflicts in plaintiff's favor." *Langton v. CBeyond Communication*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003)(citation omitted). The Complaint states:

> 12. . . . [u]pon information and belief, defendants have been making infringing pivotal headrest assemblies since least 2005 and then selling them to Honda Motor Co., Ltd. or a related entity ("Honda") knowing and intending that Honda will install these infringing assemblies in Honda vehicles and sell those vehicles throughout the United States — including in the Eastern District of Texas.
>
> 13. Defendants' infringing pivotal headrest assemblies are, at the very least, used and sold in Honda's 2006 Honda Civic and 2007 Accura RDX model vehicles. Lear believes that Defendants' infringing pivotal headrest assemblies are also currently sold, and will be sold, in other Honda models.

(Complaint, ¶¶ 12-13, Dkt. #1.)

TS Tech has not set forth any evidence to controvert Lear's contention that the pivotal headrest assemblies at issue are intended for use and sale in the Eastern District of Texas. Indeed, TS Tech admitted that the accused

> products are in certain automobiles that are sold by Honda in Texas. . . .

\* \* \*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

> Honda then installs these car seats into certain Honda automobile models that are sold throughout the United States, including in Texas.

(TS Tech's Brief, p. 3.)

Based on the facts, it is undisputed that venue is proper in this district.[1]  As explained below, these facts also reinforce that transfer is not proper.

### C.  The Case Should Not Be Transferred Pursuant To 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  While it "is within the sound discretion of the district court to transfer a case," "[t]he burden rests on the defendant to prove by a preponderance of the evidence that a plaintiff's choice of forum should be disturbed and transfer is appropriate based on a balancing of relevant factors.  [U]nless the balance of factors **strongly** favors the [defendant, plaintiff's] choice of forum remains intact."  *Mannatech, Inc. v. K.Y.C. Inc.*, 2006 WL 2216033, **1-2 (N.D. Tex. 2006)(Exhibit 1, emphasis added, citations omitted)  The factors comprise "several private and public interest factors, none of which are given dispositive weight."  *Advance Me, Inc. v. Rapidpay LLC*, 450 F.Supp.2d 669, 675 (E.D. Tex. 2006)(citation omitted).



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

---

[1] Venue is proper wherever TS Tech resides.  28 U.S.C. § 1400(b).  TS Tech "reside[s] in any judicial district in which it is subject to personal jurisdiction." 28 U.S.C. § 1391(c).  A forum has "personal jurisdiction over a corporation that delivers products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994)(citation omitted).

| PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE | -3- | E-Filed: 1/18/2008 |

It is undisputed that transfer is improper unless TS Tech shows that "the transferee forum is <u>clearly</u> the more convenient forum." (TS Tech Brief, p. 4, emphasis added.) It is not.

1. **The Private Interest Factors Favor Maintaining The Action In This Forum**

The private interest factors include: (1) plaintiff's choice of forum; (2) convenience of the parties and material witnesses; (3) place of the alleged wrong; (4) cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) accessibility and location of the sources of proof; and (6) possibility of delay and prejudice if transfer is granted. *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 771 (E.D. Tex. 2000). As shown below, these factors do <u>not</u> show the Southern District of Ohio to be "clearly the more convenient forum." On the contrary, the factors favor keeping the case in this forum.

   a. **Plaintiff's Choice Of Forum**

As this Court has indicated in several recent decisions on this same issue, "[t]he plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. The plaintiff's choice of forum, however, <u>will not</u> be disturbed unless it is <u>clearly</u> outweighed by other factors." *Mangosoft Intellectual Property, Inc. v. Skype Techs. SA*, 2007 WL 2008899, *2 (E.D. Tex. 2007)(Ward, J.)(Exhibit 2, emphasis added, citation omitted); *Mershon v. Sling Media, Inc.*, 2007 WL 2009185, *2 (E.D. Tex. 2007)(Ward, J.)(Exhibit 3, emphasis added, citation omitted); *Aerielle, Inc. v. Monster Cable Prods., Inc.*, 2007 WL 951639, *2 (E.D. Tex. 2007)(Ward, J.)(Exhibit 4, emphasis added, citation omitted). Lear chose to bring this suit in the Eastern District of Texas, Marshall Division. Accordingly, this factor weighs against transfer.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA
Tel (248) 358-4400
Fax (248) 358-3351
www.brookskushman.com

      **b.**      **Place Of The Alleged Wrong**

TS Tech sells its pivotal headrest assemblies to Honda which, in turn, installs these assemblies in its vehicles and sells them to consumers in the Eastern District of Texas. (TS Tech's Brief, p. 3.) TS Tech has induced infringement by Honda in the Eastern District of Texas. As such, this factor weighs against transfer.

      **c.**      **Cost Of Obtaining The Attendance Of Witnesses And The Availability Of Compulsory Process**

At this point in time, neither side has identified any non-party witnesses who would not be subject to compulsory process. Accordingly, this factor is neutral.

      **d.**      **Accessibility And Location Of Sources Of Proof**

Because the "documents will need to be exchanged regardless of where the case is tried [and] the documents will most likely be exchanged electronically," this factor is entitled to little weight. *Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F.Supp. 2d 676, 678 (E.D. Tex. 2006). Further, although the pivotal headrest assemblies will likely be required at trial, shipping them anywhere in the United States is a trivial burden. Accordingly, this factor is neutral.

      **e.**      **Convenience Of The Parties And Material Witnesses**

TS Tech's entire argument on this point is that allowing this case to proceed in the Eastern District of Texas would inconvenience and cause great expense to the party witnesses. (TS Tech's Brief, pp. 7-9). As this Court has previously held, "the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses." *Aerielle*, 2007 WL at *2 (Ward, J.)(Exhibit 4).


**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

Further, any inconvenience that may be suffered by the parties will be very limited regardless of whether this case is tried in Texas or Ohio. There are several reasons for this.

First, prior to trial the witnesses will be needed only for depositions. Typically, party witness depositions are taken at a location that is convenient for the witnesses. Accordingly, the parties will likely schedule depositions near the headquarters of their respective companies.

Further, to the extent that the witnesses are needed for trial, it is certain that both sides will have witnesses that will need to travel, regardless of where the case is tried. In the event that the case is transferred to the Southern District of Ohio, as requested by TS Tech, not only will Lear's employees be required to travel, but TS Tech's employees from its Canada location will be required to travel as well. TS Tech has already identified one employee (Mr. Randy Walsh) who would likely have to travel from Ontario, Canada to attend the trial. (TS Tech's Brief, p. 9).

Finally, TS Tech's argument regarding the center of gravity (pp. 10-12) is inaccurate. TS Tech ignores the creation of the patented invention which brings Michigan into play. With significant events in Michigan, Ohio and Canada, there is no single "center of gravity."

In short, travel by the parties' witnesses will be limited during discovery, and will be necessary for the trial regardless of where the trial is held. Accordingly, this factor is neutral.

B|K

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

### f. Possibility Of Delay And Prejudice

As previously indicated by this Court, "[t]he Fifth Circuit has suggested that this factor may be relevant in a transfer analysis <u>only in rare and special circumstances</u> and when such circumstances are established by <u>clear and convincing evidence</u>." *Mangosoft*, 2007 WL at *3 (Ward, J.) (Exhibit 2, citation omitted, emphasis added); *Mershon*, 2007 WL at *3 (Ward, J.)(Exhibit 3, citation omitted, emphasis added); *Aerielle*, 2007 WL at *3 (Ward, J.)(Exhibit 4, citation omitted, emphasis added). TS Tech's argument on this point is that this case is at such an early stage that a transfer "would not hinder progress of the case or prejudice Lear." (TS Tech's Brief, p. 12). TS Tech makes no argument that this is a "rare and special circumstance". Accordingly, this factor weighs against transfer.

### g. Conclusion: The Private Interest Factors Are Neutral Or Favor Lear

In conclusion, all of the private interest factors are either neutral or favor maintaining this action in the Eastern District of Texas.

### 2. The Public Interest Factors Favor Maintaining This Action In This Forum

The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Network-1 Security Solutions, Inc. v. D-Link Corp.*, 433 F.Supp.2d 795, 798 (E.D. Tex. 2006). These factors strongly favor <u>no</u> transfer.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

### a. Administrative Difficulties Flowing From Court Congestion

According to the U.S. District Court Caseload Profiles for 2006, the median time from filing to trial for a civil matter in the Eastern District of Texas is 17.7 months, while it is 27.0 months for the Southern District of Ohio. (Exhibits 8 and 9 to TS Tech Motion to Transfer Venue.) This factor, in combination with Lear's choice of forum, strongly weighs against transfer.

### b. Local Interest In Having Local Issues Decided At Home

There is also a great local interest in having this case decided in the Eastern District of Texas. TS Tech argues that "Texas has no compelling connection or public interest in having this controversy decided there." (TS Tech's Brief, p. 13). That is not true. "The admitted sale or distribution of allegedly infringing products or services in the Eastern District of Texas is an event that is significant and relevant to the citizens of this district." *Mangosoft*, 2007 WL at *3 (Ward, J)(Exhibit 2, citation omitted). Accordingly, TS Tech's sale of its infringing pivotal headrest assemblies to Honda who then sells them to consumers in the Eastern District of Texas is <u>highly</u> significant and relevant to citizens of that district. Accordingly, this factor strongly weighs against transfer.

### c. Forum's Familiarity With The Governing Law

Because "[t]his Court is very familiar with the United States patent laws that will govern this case...[,] [t]his factor favors [plaintiff]." *Source, Inc. v. Rewards Network Inc.*, 2005 WL 2367562, *3 (E.D. Tex. 2005)(Exhibit 5, citation omitted); *see also, Network-1*, 433 F.Supp. 2d at 801 (Because "this Court does have extensive experience with patent litigation [and] this Court has adopted special rules and procedures to efficiently manage these cases, allowing it to move patent cases to a relatively prompt and efficient resolution. . . this factor



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

does not support transfer.") According to the U.S. District Court Caseload Profiles for 2006, 253 intellectual property cases were filed in Texas in 2006, 114 were filed in the same year in Ohio. (Exhibits 8 and 9 to TS Tech's Motion to Transfer Venue). This factor weighs against transfer.

### d. Avoidance Of Unnecessary Conflict Of Law Problems Involving Foreign Law's Application

"Since this case will involve the application of federal law, this factor is inapplicable." *Network-1,* 433 F.Supp.2d at 801. Accordingly, this factor is neutral.

### e. Conclusion: The Public Interest Factors Strongly Weigh Against Transfer

In conclusion, the public interest factors strongly favor maintaining the present action in Texas. The overall rationale was aptly set forth in *Advance Me, Inc.*, 450 F.Supp.2d at 674, where this Court held as follows:

> Texas has a definite interest in this litigation. The allegedly infringing services have been provided to, and are currently offered to, Texans. Texas has a strong interest in discouraging injuries, including patent infringement, occurring within its borders. As the plaintiff, [Lear] has a strong interest in obtaining relief. It claims [defendants are] infringing its patent and seeks an injunction to stop the alleged infringement. [Lear] chose to file in this district reasonably expecting a prompt trial date and swift, efficient resolution of the controversy. ... Like all states, Texas has an interest in upholding the patent laws of the United States. Texas, particularly given its technology sector, has an interest in promoting commerce and scientific development, which is promoted by the patent system and the policies it embodies. Together, these considerations outweigh [defendants'] burden of litigating here.

Because all of the public and private interests are neutral or favor Lear, this action should be maintained in the Eastern District of Texas.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

### III. CONCLUSION

For the foregoing reasons, TS Tech's Motion to Transfer Venue should be denied.

**WILSON, ROBERTSON & CORNELIUS, P.C.**

By: /s/ Jennifer Parker Ainsworth
Jennifer Parker Ainsworth
State Bar No. 00784720
P.O. Box 7339
Tyler, Texas 75711
Tel: (903) 509-5000
Fax: (903) 509-5092
Email: jainsworth@wilsonlawfirm.com

*Attorneys for Lear Corporation*

**Date:  January 18, 2008**

**Of Counsel:**

Frank A. Angileri
Brian S. Tobin
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400
Fax: (248) 358-3351
Email: fangileri@brookskushman.com
          btobin@brookskushman.com



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 18th day of January, 2008, with a copy of this document *via* the Court's CM/ECF system per Local Rule CD-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

                              /s/ Jennifer Parker Ainsworth
                              Jennifer Parker Ainsworth



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com