IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LEAR CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TS TECH USA CORPORATION,<br>TS TECH NORTH AMERICA, INC. and<br>TS TECH CANADA, INC.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 2:07-cv-406 (TJW)<br>§<br>§<br>§<br>§<br>§ |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER VENUE**

Defendants TS Tech USA Corporation ("TST USA"), TS Tech North America, Inc. ("TST NA") and TS Tech Canada, Inc. ("TST Canada") (collectively, "Defendants") respectfully submit this Reply in Support of Defendants' Motion to Transfer Venue ("Reply") and, in support thereof, respectfully show the Court as follows:

**I.   THE FIFTH CIRCUIT HAS REJECTED THE HEIGHTENED
      STANDARD FOR TRANSFER RELIED UPON BY PLAINTIFF**

In it Opposition, Plaintiff Lear Corporation ("Lear" or "Plaintiff") asserts that its choice of forum should remain intact unless the balance of factors "**strongly** favors" the Defendants (emphasis added by Plaintiff), citing in support *Mannatech, Inc. v. K.Y.C. Inc.*, 2006 WL 2216033, **1-2 (N.D. Tex. 2006). Opp. at 3. This heightened standard, however, recently was rejected by the Court of Appeals for the Fifth Circuit in *In re Volkswagen of Am., Inc.*, 506 F.3d 376 (5th Cir. 2007). Specifically, the Fifth Circuit held that, in the context of a motion to transfer under 28 U.S.C. §1404(a), it is wrong to require the moving party to show that the balance of factors "substantially" or "strongly" weigh in favor of transfer. *Id.* at 382-84. Rather,

the appropriate standard is that a party seeking transfer under §1404(a) must show "good cause", which is established when the moving party demonstrates that a transfer is "for the convenience of the parties and witnesses, and in the interest of justice." *Id.* at 384. Here, application of the relevant factors demonstrates that the SD Ohio clearly would be a more convenient forum for this case, thus warranting transfer under §1404(a).

## II. THE PRIVATE INTEREST FACTORS FAVOR TRANSFER[1]

### A. Plaintiff's Choice Of Forum Is Not Entitled To The Usual Deference

Lear does not dispute the fact that it is a resident of Michigan with no connections to the E.D. Texas. In fact, Lear does not point to any direct connection to Texas by any party or likely witness in this litigation. While a plaintiff's choice of forum generally is accorded deference, it should be given "close scrutiny" where, as here, the plaintiff is not a resident of the forum. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 831 (E.D. Tex. 2002); *see also Hanby v. Shell Oil. Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001) (noting that "the usual deference accorded the plaintiff' choice of forum is of minimal value where none of the parties reside in this division of this District"). Moreover, in light of the other factors which establish that the SD Ohio clearly is a more convenient forum for this case, Lear's preference to litigate in Texas – a forum with no significant connection to this dispute – should not stand in the way of transferring this case. *See In re Volkswagen of Am., Inc.*, 506 F.3d at 384 (holding that, despite plaintiff's choice of forum, "[w]hen the transferee forum clearly is more convenient, a transfer should be ordered").

---

[1] Defendants have not addressed in this Reply the "compulsory process" private interest factor because the parties are in agreement that this factor is neutral. *See* Opp. at 5.

### B. The Alleged Wrongful Conduct Of The Defendants Did Not Occur In Texas

Lear does not dispute that the alleged infringing conduct of the <u>Defendants</u> did not occur in Texas, but rather took place in Ohio and Ontario, Canada where the Defendants are located. Rather, Lear argues that the Defendants' conduct <u>outside</u> of Texas induced infringement by another, non-party (i.e., Honda) in Texas. Reply at 5. Lear's position, however, is contrary to the caselaw cited in Defendants' opening brief which holds that "the location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating a motion to transfer venue." *Minka Lighting v. Trans Globe Imports, Inc.*, No. Civ. A. 3:02-CV-2538, 2003 WL 21251684, at *3 (N.D. Tex. May 23, 2003); *see also Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1044 (S.D. Tex. 2007).

Here, the alleged wrongful conduct of TST USA and TST NA took place at their headquarters in the SD Ohio, while the alleged wrongful conduct of TST Canada took place at its headquarters in Ontario, Canada, which is more than 900 miles farther from the ED Texas than from the SD Ohio (*see* opening brief at 7-8). Thus, the "place of the alleged wrong" factor clearly weighs in favor of transfer to the SD Ohio.

### C. The Accessibility Of Sources Of Proof Clearly Favors Transfer

Lear argues that because documents now are exchanged electronically, this factor "is entitled to little weight." Opp. at 5. As explained recently by the Fifth Circuit, however, this factor still must be considered in the transfer analysis because the fact "that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *In re Volkswagen*, 506 F.3d at 385. In this case, the sources of proof are located in (a) the SD Ohio, where TST USA and TST NA are located, (b) Ontario, Canada, where TST Canada is located and (c) Southfield, Michigan, where

Lear is located. Although TST Canada and Lear are not located in the SD Ohio, their respective locations are approximately 900 miles farther from the ED Texas than from the SD Ohio (*see* opening brief at 7-8).

Lear also argues that this factor should be considered neutral because shipping the accused products "anywhere in the United States is a trivial burden." Opp. at 5. The reality, however, is that the burden associated with shipping the accused products to Texas would be much more than "trivial". As described in Defendants' opening brief (p. 10, fn. 5), the product samples in this case -- automobile seats that incorporate the accused headrests and weigh approximately 40 pounds each -- are located at TST USA's facilities in the SD Ohio. Clearly, it would be much more burdensome to ship the accused products nearly 1000 miles from TST USA's facilities in Reynoldsburg, Ohio to the ED Texas than it would be to transport them 15 miles from Reynoldsburg, Ohio to the SD Ohio courthouse in Columbus.

Accordingly, the SD Ohio clearly would be a more convenient forum for this case when considering the accessibility of the sources of proof.

### D. Convenience Of The Parties Weighs Heavily In Favor Of Transfer

Lear argues that the inconvenience suffered by the parties "will be limited regardless of whether this case is tried in Texas or Ohio" because travel by the parties' witnesses will be limited during discovery and will be necessary for trial "regardless of where the trial is held." Opp. at 6. Nevertheless, Lear has failed to rebut the fact that the SD Ohio would be a much more convenient forum for all the parties in the case because TST USA and TST NA actually are located in the SD Ohio, while TST Canada and Lear both are located approximately 900 miles farther from the ED Texas than from the SD Ohio (*see* opening brief at 7-8). Thus, fewer party witnesses would have to travel, and those who do would have to travel significantly less, if the trial in this case took place in the SD Ohio rather than in the ED Texas.

As explained by the Fifth Circuit, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004) ("[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment"). *See also In re Volkswagen of America, Inc.*, 506 F.3d at 386.

There is no question that, under the Fifth Circuit's "100-mile rule", the SD Ohio would be a more convenient forum for all the party witnesses in this case, considering the hundreds of additional miles they would be required to travel if this case remains in this forum (see opening brief at 7-9).[2]

### E.  Possibility Of Delay And Prejudice

Lear appears to argue that no "rare and special circumstance" exists in this case that would warrant application of this factor, but then concludes that this factor "weighs against transfer." Opp. at 7.  Since Lear apparently agrees that no delay or prejudice would result from transfer of this case, this factor either favors transfer or, at worst, is neutral (*see Mangosoft, Mershon* and *Aerielle* cases cited on page 7 of Lear's brief).

---

[2] Regarding Lear's argument that the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses (Opp. at 5), while this is true, the convenience of the parties still is a factor that must be considered in the transfer analysis. *See Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 657 (E.D. Tex. 1999) ("The logical starting point for analyzing convenience is to consider the parties' residences").

## III. THE PUBLIC INTEREST FACTORS FAVOR TRANSFER

### A. Administrative Difficulties Flowing From Court Congestion

Although Lear focuses on the respective times from filing to trial for civil cases in the SD Ohio and the ED Texas to try to establish that this factor weighs against transfer, the reality is that very few patent cases ever get to trial, and instead are more likely to be terminated in some other manner (e.g., by summary judgment, settlement, etc.). Thus, the more relevant statistics are those cited in the Defendants' opening brief (pp. 12-13) which show that the median time from filing to disposition of civil cases is only slightly longer in the SD Ohio than in the ED Texas. Regardless, because these statistics do not break out the data for patent cases, they are inconclusive and thus this factor is neutral. *See Mershon v. Sling Media, Inc.*, 2007 WL 2009185, *3 (E.D. Tex. 2007) ("[The] statistics [cited by plaintiff] do not provide data for patent cases, which tend to have special rules and procedures. In the Court's view, this factor is neutral as to transfer.") (Exhibit 3 to Plaintiff's Opp.).

### B. The Strong Local Interest Of The SD Ohio Weighs In Favor Of Transfer

In an attempt to establish some connection between this case and Texas, Lear can only point to sales of the allegedly infringing products in Texas made by a non-party (i.e., Honda). As described in Defendants' opening brief (pp. 10-12), none of the <u>Defendants</u>' allegedly infringing activities occurred in Texas. Rather, a significant portion of the allegedly infringing activities of the Defendants in this case took place in the SD Ohio, where two of the Defendants are located. Moreover, since the sales of the accused products in Texas are not unique to Texas (because the accused products are sold by Honda throughout the United States), such sales by a non-party should not be allowed to neutralize the legitimate local interest of the SD Ohio in adjudicating this dispute. *See, e.g., In re Volkswagen of America, Inc.*, 506 F. 3d at 387 (ruling

in a product liability action that the fact "that a product is available within a given jurisdiction is insufficient to neutralize the legitimate local interest in adjudicating local disputes").

### C. The SD Ohio Has Significant Experience With Intellectual Property Cases

In support of its assertion that the judges in this forum are better equipped to handle patent cases, Lear focuses on the total number of intellectual property cases filed in 2006 in this forum (253 cases) versus the SD Ohio (114 cases). These statistics merely confirm, however, that the judges in both this district and the SD Ohio have significant experience with intellectual property cases. Accordingly, this factor is neutral.

### IV.   CONCLUSION

For the reasons described in Defendants' opening brief and in this Reply, Defendants respectfully request that the Court transfer this case to the United States District Court for the Southern District of Ohio for the convenience of the parties and non-party witnesses, and in the interest of justice.

Dated:  February 7, 2008                    Respectfully submitted,

                                By:  /s/ Elizabeth L. DeRieux
                                    S. Calvin Capshaw
                                    State Bar No. 03783900
                                    E-mail: ccapshaw@mailbmc.com
                                    Elizabeth L. DeRieux
                                    State Bar No. 05770585
                                    E-mail: ederieux@mailbmc.com
                                    Brown McCarroll L.L.P.
                                    1127 Judson Road, Suite 220
                                    Longview, TX 75601
                                    Telephone: (903) 236-9800
                                    Facsimile: (903) 236-8787

- 8 -

        Nicholas L. Coch (*admitted pro hac vice*)
        E-mail: ncoch@kramerlevin.com
        Vito J. DeBari (*admitted pro hac vice*)
        E-mail: vdebari@kramerlevin.com
        KRAMER LEVIN NAFTALIS &
        FRANKEL LLP
        1177 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 715-9100
        Facsimile: (212) 715-8000

        **ATTORNEYS FOR DEFENDANTS,**
        **TS TECH USA CORPORATION,**
        **TS TECH NORTH AMERICA, INC. and**
        **TS TECH CANADA, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served this 7th day of February, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

        /s/ Elizabeth L. DeRieux