# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **LEAR CORPORATION,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | **HONORABLE T. John Ward** |
| vs. ) | |
| ) | **CIVIL ACTION NO. 2:07-cv-406 (TJW)** |
| ) | |
| **TS TECH USA CORPORATION,** ) | |
| **TS TECH NORTH AMERICA, INC.** and ) | |
| **TS TECH CANADA, INC.** ) | |
| ) | |
| *Defendants.* ) | ***JURY TRIAL DEMANDED*** |
| ) | |

## PLAINTIFF'S SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

**PLAINTIFF'S SUR-REPLY IN RESPONSE TO
DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE**                                  **E-Filed: 2/19/2008**

Plaintiff Lear Corporation ("Lear" or "plaintiff") respectfully submits this Sur-Reply in Response to Defendants' Reply in Support of Defendants' Motion to Transfer Venue ("Reply Brief"). For the reasons stated in Plaintiffs' Response to Defendants' Motion to Transfer, as well as the reasons stated herein, defendants' Motion to Transfer should be denied.

In their Reply Brief, defendants rely heavily on *In re Volkswagen of America, Inc.*, 506 F.3d 376 (5th Cir. 2007) to support their assertion that plaintiff misapplied many of the factors considered in defendants' motion to transfer venue under 28 U.S.C. § 1404(a). On February 14, 2008, the 5th Circuit granted a petition for rehearing en banc in *In re Volkswagen*. *In re Volkswagen of America, Inc.*, --- F.3d ---, 2008 WL 400236 (5th Cir. 2008)(Exhibit 6). Regardless, defendants' application of *Volkswagen* to the facts of the present case is misguided. Both the private and public interest factors favor maintaining this case in the Eastern District of Texas.

**A.    The Private Interest Factors Favor Maintaining
       This Case In The Eastern District Of Texas**

   **1.    Plaintiff's Choice Of Forum Should Not Be Disturbed**

In their Reply Brief, defendants assert that the 5th Circuit has expressly rejected any sort of "heightened standard" regarding deference given to plaintiff's choice of forum. (Defendants' Reply Brief, pp. 1-2). This is not the case. While defendants are correct that the 5th Circuit in *Volkswagen* held that the district court "erred in requiring [defendants] to show that the balance of convenience and justice substantially weighs in favor of transfer," it still held that plaintiff's choice of forum is entitled to deference. *In re Volkswagen*, 506 F.3d at 384. The Court further held that plaintiff's choice of forum should not be disturbed absent a showing of "good cause." *Id.* at 384.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

Defendants' have failed to set forth <u>any</u> proof showing good cause as to why plaintiff's choice of forum should be disturbed other than the fact that plaintiff is not a resident of the forum. (Defendants' Reply Brief, p. 2). The lone fact that Lear doesn't reside in this forum is not sufficient "good cause" to support transfer. This is especially true where **all** of the private and public interest factors either weigh against transfer or are neutral. Most significantly here, defendants admit that they have delivered their infringing product through the "stream of commerce" into the Eastern District of Texas. (Defendants' Brief in Supp. of Motion to Dismiss, p. 3). Accordingly, this factor weighs against transfer.

### 2.  Defendants' Infringement Occurs In Texas

In their Reply brief, defendants assert that "the alleged wrongful conduct of TST USA and TST NA took place at their headquarters in the SD of Ohio, while the alleged wrongful conduct of TST Canada took place at its headquarters in Ontario Canada." (Defendants' Reply Brief, p. 3). This is not accurate. As defendants have previously admitted, they sell pivotal headrest assemblies to Honda which then sells them to consumers in the Eastern District of Texas. (TS Tech's Brief in Support of Motion to Dismiss, p. 3). Defendants did not and cannot deny that their actions induced infringement by Honda in the Eastern District of Texas. It is well settled law that venue is proper in any district where a corporation delivers products into the "stream of commerce." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994); 28 U.S.C. §§ 1391(c), 1400(b). Accordingly, defendants' pleas for transfer based on the fact that neither company has its principal place in the Eastern District of Texas should have no bearing on this factor. *Beverly Hills Fan* makes it abundantly clear that for purposes of the venue statute, the wrongful conduct is considered to take place in any location where defendants have delivered their products into the "stream of commerce."



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

*Beverly Hills Fan*, 21 F.3d at 1566. Defendants should not be permitted to hide behind their distribution channels to avoid litigating this matter in the Eastern District of Texas when they admit that they have used distributors to sell products in this district. Such a conclusion would promote utilizing intermediaries to control venue.

### 3. The Accessibility Of Sources Of Proof Does Not Favor Transfer

Here, the great majority of the documentary evidence is likely stored electronically. The only items that would need to be shipped to trial are the infringing seats. Even if trial is held in Ohio, seats may have to be shipped from Ontario.

In *Volkswagen*, the Court held that the accessibility of sources of proof favored transfer because "all of the documents and physical evidence . . . are located in the Dallas Division." *In re Volkswagen*, 506 F.3d at 385. Here, this is not the case. Accordingly, this factor is neutral.

### 4. Convenience Of The Parties Does Not Favor Transfer

Defendants argue that venue is more appropriate in the S.D. Ohio based on the "100 mile rule." This rule does not support defendants' argument. One of the basic justifications for the "100 mile rule" is that a defendant is likely to seek transfer to a district where its employees are located. Here, although this is the case to some extent, defendants are seeking to transfer this case to a district that is not the location of the headquarters of at least one of the entities. Accordingly, defendants are ignoring the fact that both sides will have witnesses that will be required to travel, presumably fly, to Ohio even if this case is transferred. Further, while defendants focus on the additional distance that the parties will be required to travel, they completely ignore the fact that this additional distance will likely only require an hour or two of additional travel time. Accordingly, this factor weighs against transfer.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

### 5. Possibility Of Delay And Prejudice

Defendants argue that this factor favors transfer without providing any real substantive argument. This Court has been abundantly clear that this factor is irrelevant unless it is a "rare and special circumstance" and it is established by "clear and convincing evidence." *Mangsoft*, 2007 WL at *3 (Ward, J.)(Exhibit 2[1], citation omitted, emphasis added). Defendants have failed to provide any evidence, much less clear and convincing evidence. Accordingly, this factor is neutral.

### B. The Public Interest Factors Favor Maintaining This Case In The Eastern District Of Texas

#### 1. Administrative Difficulties Flowing From Court Congestion

Defendants' argument that the time from filing to disposition is the relevant consideration for this factor is baseless. As admitted by defendants, relying on this time would assume that this case will be settled. If this case is settled, the timetable is entirely irrelevant. If that were the case, this factor would always be neutral. Accordingly, the time from filing to trial is the relevant consideration. Here, this factor clearly favors Lear.

#### 2. Local Interest Favors Maintaining This Action In The E.D. Texas

Contrary to defendants' argument, Texas has a very strong interest in maintaining this case. Defendants' citation to *Volkswagen* for the proposition that the fact that "a product is available within a given jurisdiction is insufficient to neutralize the legitimate interest in adjudicating local disputes" is misapplied here. This consideration is relevant where infringing



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

---

[1] Exhibits 1-5 are attached to Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue.

products are available, but not necessarily sold in a given jurisdiction. Here, defendants <u>admit</u> that their product is sold in the Eastern District of Texas. Accordingly, this factor favors Lear.

### 3. E.D. Texas Has Far Greater Experience With Intellectual Property Cases

Defendants' argument that this factor is neutral has no support. The caseload statistics clearly show that the Eastern District of Texas had more than double the intellectual property cases filed in the year 2006 than the S.D. Ohio. Accordingly, this factor favors Lear.

### C. Conclusion

For the foregoing reasons, defendants' motion to transfer should be denied.

**BROOKS KUSHMAN P.C.**

By:    /s/ Frank A. Angileri
       Frank A. Angileri
       Brian S. Tobin
       1000 Town Center - 22nd Floor
       Southfield, Michigan 48075
       Tel: (248) 358-4400
       Fax: (248) 358-3351
       Email: fangileri@brookskushman.com
              btobin@brookskushman.com

*Attorneys for Lear Corporation*

Date: **February 19, 2008**

**Local Counsel:**

Jennifer Parker Ainsworth
State Bar No. 00784720
**Wilson, Robertson & Cornelius, P.C.**
P.O. Box 7339
Tyler, Texas 75711
Tel: (903) 509-5000
Fax: (903) 509-5092
Email: jainsworth@wilsonlawfirm.com

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record, who are deemed to have consented to electronic service, are being served this 19th day of February, 2008, with a copy of this document *via* the Court's CM/ECF system per Local Rule CD-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

        /s/ Frank A. Angileri
      Frank A. Angileri



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

**PLAINTIFF'S SUR-REPLY IN RESPONSE TO
DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE**         **E-Filed: 2/19/2008**