IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LEAR CORPORATION, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:07-CV-406 |
| § | |
| TS TECH USA CORPORATION, § | |
| TS TECH NORTH AMERICA, INC. and § | |
| TS TECH CANADA, INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants Motion to Transfer to Venue (Dkt. No. 10) and related briefing. The Defendants requests that this case be transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). After carefully considering the parties' written submissions, the court DENIES Defendants' motion for the reasons set forth in this opinion.

**I.   Background**

Plaintiff Lear Corporation ("Lear") is a Delaware corporation, having its principal place of business in Southfield, Michigan. Defendants TS Tech USA Corporation ("TST USA") and TS Tech North America, Inc. ("TST NA") are both Ohio corporation with their headquarters in Reynoldsburg, Ohio. Defendant TS Tech Canada, Inc. ("TST Canada") is a Canadian corporation with its primary place of business in Ontario, Canada.

This is a patent infringement case involving automobile seat headrests. In this action, the plaintiffs allege that headrest assemblies manufactured and sold by the defendants infringe U.S. Patent No. 5,378,043 ("the '043 patent) for "Vehicle Pivotal Headrest." The Plaintiff also alleges

that the Defendants have induced infringement of the '043 patent by actively and knowingly inducing others to make and sell infringing headrest assemblies. The named inventors on the '043 patent are David C. Viano, Richard J. Neely and Mladen Humer. Plaintiff Lear is the owner by assignment of the '043 patent. Defendants have asked the court to transfer this case to the Southern District of Ohio pursuant to 28 U.S.C. §1404(a).

## II.  Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The public interest factors involve the following: (1) the administrative difficulties caused by court

congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

**A.    Private Factors**

1.    Plaintiff's Choice of Forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). Defendants argue that because Plaintiff Lear is a resident of Michigan, this factor should not weigh against allowing a transfer. *Defendant's Reply*, p. 2. However, Lear chose to bring its suit in the Eastern District of Texas. Plaintiff's choice of forum is entitled to deference absent a showing of good cause by the moving party. *See In re Volkswagen*, 506 F.3d at 384. In this court's view, this factor weighs against transfer.

2.    The Convenience of the Parties and the Witnesses

The court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. Neither the plaintiffs nor the defendant are located in Texas. Accordingly, the convenience of the parties is a neutral factor with respect to transfer.

The court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed*, 90 F. Supp. 2d at 774. Further, the

3

convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

With respect to key party witnesses, Defendants note that most of their party witnesses are located in Reynoldsburg, Ohio or in Ontario Canada. *Defendant's Motion*, p. 8. Defendants also argue that key Lear employees who will be important material witnesses in this case reside in Michigan. *Id.* at p.9. By having to travel to Texas to testify, the parties' employees will be subject to greater inconvenience than if the trial were held in Ohio. *Id.* The Plaintiffs chose to bring their suit here; therefore, the court assumes this forum is convenient for the Plaintiffs. *See Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F.Supp.2d 676, 678 (E.D.Tex. 2006). The Defendants have identified only four of their employees as key party witnesses. *Defendant's Motion, p.* 8. Three of the individuals reside in Ohio, the fourth resides in Canada. While the court does agree that the Ohio residents would find it more convenient to attend a trial in Ohio, it is not persuaded to give great weight to the inconvenience of three party witnesses in allowing a transfer of this case.

In their Motion, defendants have failed to specifically identify key non-party witnesses, outline the substance of their testimony, and show that these witnesses would either be unwilling to or inconvenienced by traveling to Texas. Accordingly, the convenience of non-party witnesses is a neutral factor with respect to transfer.

3.      The Place of the Alleged Wrong

Defendant's accused products are sold in both the Southern District of Ohio and this District. The court, therefore, gives this factor no weight.

4.  The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process

Given the briefing of the parties, both parties are in agreement that this factor is neutral as to transfer.

5.  The Availability and Location of Sources of Proof

Defendants contend that all documentary proof and other evidence is located either in Ohio or in Canada. *Defendant's Motion*, p. 10. Plaintiffs contend that a great majority of the documentary evidence is stored electronically. *Plaintiff's Sur-Reply*, p. 4. The court notes that the increasing ease of storage and transportation, however, makes this factor but much less significant. *See Tinkers & Chance v. Leapfrog Enterprises, Inc.*, 2006 WL 462601, *5-6 (E.D. Tex. Feb. 23, 2006). Documents can easily be transported to Marshall, Texas. This factor is neutral as to transfer.

6.  The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

**B.  Public Interest Factors**

1.  The Administrative Difficulties Caused by Court Congestion

The plaintiffs argue that the median time interval from filing to trial of civil cases in the Southern District of Ohio is 27.0 months as compared to 17.7 months in the Eastern District of Texas. *Plaintiff's Response,* p.9. As the defendant points out, these statistics do not provide data for patent cases, which tend to have special rules and procedures. In the court's view, this factor is

neutral as to transfer.

    2.    <u>The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty</u>

The defendants' accused products are sold in this District. The sale of allegedly infringing products in the Eastern District of Texas is an event that is significant and relevant to this action. The citizens of the Eastern District of Texas have a substantial interest in whether acts of patent infringement have occurred in this District and in the State of Texas. This factor weighs against transfer

    3.    <u>The avoidance of unnecessary problems in conflict of laws</u>

Patent claims are governed by federal law. This court and the court in the Southern District of Ohio are both capable of applying patent law to infringement claims. Therefore, this factor is neutral as to transfer.

**III.   Conclusion**

For the reason stated above, the defendants have failed to satisfy their burden of showing good cause that a transfer is necessary in this case. The court finds that the competing factors do not justify a transfer. Accordingly, Defendants' Motion is DENIED.

SIGNED this 10th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE